IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERYL LEE,

        Plaintiff,

    vs.

CROTHALL SERVICES GROUP, INC.,

        Defendant.

Case No. 13-cv-087-SMY-DGW

**ORDER**

       This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 60) and Plaintiff's Motion for Summary Judgment (Doc. 69). Due to the unique circumstances of this case and Plaintiff's status as a *pro se* litigant, some background is appropriate.

       Pursuant to the Scheduling Order entered by Magistrate Judge Donald Wilkerson, the deadline for dispositive motions was March 21, 2014. The Court granted Defendant's motion to extend that deadline due to Plaintiff's failure to respond to discovery requests and attend her deposition. (See Docs. 31 and 45.) Defendant filed its Motion for Summary Judgment by the November 21, 2014 due date as set forth by Order at Doc. 58 and certified service of the motion on Plaintiff via First-Class Mail. Plaintiff failed to file a timely response and was ordered to show cause (Doc. 62). Plaintiff responded (Doc. 63) and stated she had not received Defendant's Motion.

       The Court then ordered Defendant to re-send its Motion and set a 30-day deadline for Plaintiff's response (Doc. 66). In that Order, the Court also notified Plaintiff that no further extensions to the deadline would be granted. Defendant filed a Certificate of Service (Doc. 67) certifying that a second copy of its Summary Judgment materials was served by First-Class Mail on January 29, 2015 and that a third copy had been served on February 3 by Certified Mail as ordered in Doc. 66.

On February 9, 2015 Plaintiff filed a "letter of objection" (Doc. 68) in which she stated that she was "making an objection to everything [counsel for Defendant] has sent me and the court," and that, despite doing everything asked of her, "all I get back is non co-operation." On the same day, Plaintiff also filed a Motion for Summary Judgment (Doc. 69), even though the deadline for dispositive motions had expired 80 days prior. Plaintiff attached twelve pages of documentation in support of her filing. Defendant responded (Doc. 70).

A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to pro se pleadings is well established"). Finding that Plaintiff's filing at Doc. 69 does not raise new issues not argued in Defendant's motion, the Court construes the filing as both a Motion for Summary Judgment and a Response to Defendant's Motion for Summary Judgment. As a Response, it was timely filed.

First, given the above-referenced history and the obvious prejudice to the Defendant, the Court **DENIES** Plaintiff's Motion for Summary Judgment as untimely. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines" (*citations omitted*)). The Court will next consider the merits of Defendant's Motion for Summary Judgment.

Plaintiff, who is African American, filed this action alleging employment discrimination and retaliation against Defendant Crothall Services Group, Inc. (Doc. 7, p. 9). In her Amended Complaint, Plaintiff alleges that she was discriminated against when Defendant terminated her employment as a hospital housekeeper on the basis that her director, Doug Beckham, heard that Plaintiff was using foul language and refusing to work. (Doc. 7, p. 3). Plaintiff points out that

Defendant did not fire a Caucasian co-worker named Heather when Heather mistakenly turned off a patient's IV pump and instead, suspended Heather for three days.  (*Id.*)  Plaintiff further asserts that she was retaliated against because she filed an EEOC claim against Doug Beckham and two others in November, 2010.  (*Id.*)

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. See also *Serednyj v. Beverly Healthcare*, LLC, 656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings"). A mere scintilla of evidence supporting the non-movant's position is insufficient to overcome summary judgment; a non-movant will prevail only when it presents definite, competent evidence to rebut the motion. *Estate of Escobedo v. Martin*, 702 F.3d 388, 403 (7th Cir. 2012); *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006).   A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which she carries the burden of proof at trial. *Celotex*, 477 U.S. at 322-23, 325. Where the defendant has pointed to a lack of evidence for one of the essential elements of a plaintiff's claim, if the plaintiff fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. However, a "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Reid v. Neighborhood Assistance Corp. of America,* 749 F.3d 581, 586 (7th Cir.2014) (*quoting Abdullahi v. City of Madison,* 423 F.3d 763, 769 (7th Cir.2005)).

Here, Defendant argues Plaintiff has not presented sufficient evidence to survive summary judgment. "A plaintiff can avert summary judgment for the defendant in an employment discrimination case by presenting enough evidence, whether direct or circumstantial, of discriminatory motivation to create a genuine issue for trial." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000). Direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus." *Id*.

Finding no direct evidence of discriminatory motivation and what essentially amounts to an admission by the Plaintiff in her deposition that her termination was not based on race (see Doc. 61-2, p. 244:14-16 and p. 245:4-6), the Court agrees that Plaintiff cannot survive summary judgment using a direct method of proof and will look to the indirect, burden-shifting method to determine whether Plaintiff can establish as *prima facie* case. Under this approach, Plaintiff must show that

4

(1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of Plaintiff's protected class were treated more favorably. *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009) *citing Goodwin v. Bd. of Trustees of the Univ. of Ill.*, 442 F.3d 611, 617 (7th Cir. 2006).

Plaintiff has failed to present evidence that satisfies the second and fourth elements. In particular, in support of its motion, Defendant produced a record of numerous counseling events related to Plaintiff's job performance. Plaintiff did not refute this evidence or provide any of her own evidence to the contrary. Additionally, Plaintiff's evidence of a similarly situated employee falls short. While Heather Nave, who is white, was not terminated when she turned off a patient's IV pump, she was disciplined in that she was moved from the position of sitter back to housekeeping. Her conduct was otherwise not comparable. Where Plaintiff cannot establish the essential elements of her claim or fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322-323. That is the case here.

Turning to Plaintiff's claim of retaliation, Title VII forbids an employer from discriminating against an employee who has "opposed any practice" made unlawful by Title VII or who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). The purpose of the anti-retaliation provision is to prevent employers from interfering with "unfettered access" to Title VII's remedial measures by prohibiting employer actions that are likely "to deter victims of discrimination from complaining to the EEOC," the courts and their employers. *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009) *quoting Burlingon N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff can survive Defendant's Motion for Summary Judgment as to her retaliation claim if she "presents either direct or circumstantial evidence of discrimination (the 'direct method') or indirect evidence that satisfies the three-part, burden shifting test outlined in the Supreme Court's

decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ("the indirect method"). *Phelan v. Cook Cnty.*, 463 F.3d 773, 779 (7th Cir. 2006).  After a review of all evidence presented in the light most favorable to Plaintiff, the Court has not identified a single piece of admissible evidence to support Plaintiff's claim that her filing of an EEOC complaint in 2011 was a motivating factor in the decision to terminate her employment.  While a protected activity and an adverse employment action are present, no causation has been established and there is no genuine issue of material fact.  No reasonable jury could infer retaliation on the evidence presented in this case.

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 60) is **GRANTED in its entirety.**  Plaintiff's Motion for Summary Judgment (Doc. 69) is **DENIED.**  As no counts remain pending, the Clerk is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: April 24, 2015**                                         s/  Staci M. Yandle  
                                                                 **STACI M. YANDLE**  
                                                                 **DISTRICT JUDGE**